IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| WILSON COONEY<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>EPS ENERGY SERVICES, LLC and<br>TODD L. MATTE<br><br>*Defendants* | § § § § § § § § § § § § § | Civil Action ___7:17-cv-00126___<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE/CLASS ACTION |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Wilson Cooney, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") brings suit against EPS Energy Services, LLC ("EPS Energy"), and its President, Todd L. Matte ("Matte") (collectively "Defendants" or "EPS Energy") to recover compensation, liquidated damages, attorneys' fees and costs under Sections 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and pursuant to the New Mexico Minimum Wage Act (hereinafter "NMMWA"), §§ 50-4-19, *et seq*.

### I.
### OVERVIEW

1.1     This lawsuit to recover overtime wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action brought pursuant to the NMMWA and Federal Rule of Civil Procedure 23.

1.2     Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for Defendants as Pressure Control Operators and were paid a day rate but no overtime compensation for all hours worked over forty (40) in each workweek.

1.3     The FLSA and NMMWA require that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one-half for all hours worked over forty in a regular workweek.

1.4     Plaintiff and the Putative Class Members routinely worked (and work) in excess of 40 hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for at least one and one half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6      Defendants knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours.

1.5     Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.6     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA and NMMWA as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

1.7     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit and that a class action be certified protecting the rights of those employees under the NMMWA.

## II.
## JURISDICTION & VENUE

2.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It has supplemental jurisdiction over the NMMWA claims under 29 U.S.C. § 1367.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

2.2 This Court has personal jurisdiction over Defendants because the causes of action arose within this District as a result of Defendants' conduct within this District and Division.

2.3 Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4 Specifically, Defendants have maintained a working presence throughout West Texas (and New Mexico) and Plaintiff worked for Defendants at their yard/facility in Midland, Texas, all of which are within this District and Division.

2.5 Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.
### PARTIES

3.1 Plaintiff Wilson Cooney worked for Defendants in Texas and New Mexico within the relevant time period. Plaintiff Cooney did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

3.2 The Putative Class Members are those current and former Pressure Control Operators who were employed by Defendants in the past three years, and have been subjected to the same illegal pay system under which Plaintiff Cooney worked and was paid—specifically, all other Pressure Control Operators who were paid a day rate only and no overtime.

3.3 EPS Energy Services, LLC (hereinafter "EPS Energy") is a Louisiana limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for services of process: Michael Pontiff, 2900 Elkins Road, Bldg. B, Midland, Texas 79705.

---

[2] The written consent of Wilson Cooney is attached hereto as Exhibit "A."

3.4     Todd L. Matte (hereinafter "Matte") is the President and sole director of EPS Energy Services, LLC, and may be served at 339 Martin Prejean Road, Carencro, Louisiana 70520, or wherever he may be found.

3.5     EPS Energy Services, LLC and Todd L. Matte are joint employers pursuant to 29 C.F.R. § 791.2. Defendant Matte exercises control over both EPS Energy and Plaintiff and the Putative Class Members. As a result, both EPS Energy and Matte are responsible, individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Defendants and were engaged in oilfield services and were directly engaged in the production of natural gas for consumption in US and foreign markets. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8     The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Pressure Control Operators who worked for EPS Energy Services, LLC and/or Todd L. Matte, at any time in the last three years through the final disposition of this matter, and were paid a day rate but did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

4.9     The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1     EPS Energy Services, LLC is based in Midland, Texas and focuses on "supporting the oil and gas industry around the Permian Basin."[3] Specifically, EPS Energy provides comprehensive

---

[3] http://www.epsteam.com/energy-services/.

flow back services from completions to production, and "offers a comprehensive array of equipment to help operators and service companies . . . . ."[4]

5.2    In conjunction with the above services, Defendants employed Pressure Control Operators—Plaintiff and the Putative Class Members—who were tasked with pressure testing the well head and assisting in the fracing process.

5.3    Defendants EPS Energy and Matte are joint employers pursuant to 229 C.F.R. § 791.2.

5.4    Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of EPS Energy and/or their clients.

5.5    Further, Defendant Matte manages key internal relationships to EPS Energy—that is, he directs the financials of EPS Energy and he controls the day rates of Plaintiff and the Putative Class Members who directly or indirectly report to EPS Energy.

5.6    Moreover, Defendant Matte has the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.7    As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and NMMWA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.8    Plaintiff Cooney worked for Defendants throughout West Texas and New Mexico from approximately 2014 until July 2016.

5.9    During this time, Plaintiff Cooney was paid a day rate of $325.00 but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

---

[4] *Id.*

5.10 Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites throughout West Texas and New Mexico.

5.10 Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

5.11 Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

5.12 Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

5.13 Plaintiff and the Putative Class Members were actually prohibited from varying their job duties outside of these predetermined parameters.

5.14 Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.15 Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield on a daily basis.

5.16 Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.17 Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.18 Plaintiff and the Putative Class Members did not supervise two or more employees.

5.19    Plaintiff and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) to fourteen (14) hours per day and they regularly worked a minimum of 84 hours per week.

5.20    Even though Plaintiff and the Putative Class Members worked far in excess of 40 hours per week, Defendants did not pay them overtime for all hours worked in excess of 40 hours each week

5.21    The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

5.22    Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

5.23    Instead of paying overtime, Defendants applied this pay practice despite clear and controlling law that states that the types of duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

5.24    Accordingly, Defendants' pay policies and practices blatantly violated the FLSA and the NMMWA.

## VI.
## COLLECTIVE/CLASS ALLEGATIONS

6.1    In addition to Plaintiff Cooney, Defendants employed (and continue to employ) other Pressure Control Operators in the State of Texas and New Mexico within the past 3 years.

6.2    Defendants paid Plaintiff and the Putative Class Members a day rate but no overtime compensation for all hours worked over forty each week.

6.3    The FLSA Class Members performed the job duties typical of Plaintiff and the Putative Class Members—specifically, performing manual labor job duties surrounding the rigging up, operation, and rigging down of oil and gas equipment such as manifolds, separators, flow iron, and other equipment used in well testing and flow back related jobs.

6.4     The FLSA Class is similarly situated to Plaintiff Cooney—that is, the Pressure Control Operators all performed the same job duties and were paid the same way.

6.5     The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

6.6     Plaintiff Cooney brings his state law claims on behalf of all Pressure Control Operators in New Mexico pursuant to Federal Rule of Civil Procedure 23 (the "New Mexico Class").

6.7     On information and belief, Defendants employed dozens of Pressure Control Operators during the past 3 years.

6.8     These workers are geographically dispersed, residing and working in Texas and New Mexico (and throughout the United States).

6.9     Plaintiff Cooney will fairly and adequately protect the interests of the FLSA Class and New Mexico Class.

6.10    Plaintiff Cooney retained counsel who is experienced and competent in class action and employment litigation.

6.11    Plaintiff Cooney has no relevant interest contrary to, or in conflict with, the members of the classes.

6.12    Just like each member of the proposed classes, Plaintiff Cooney has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

6.13    A collective/class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

6.14    Absent these actions, many members of the classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the NMMWA.

6.15 Furthermore, even if particular members of the classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

6.16 Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

6.17 There is a well-defined community of interest in the questions of law and fact affecting the New Mexico Class as a whole.

6.18 The questions of law and fact common to the New Mexico Class predominate over any questions affecting solely the individual members.

6.19 Among the common questions of law and fact are:

   a. Whether Defendants employed members of the New Mexico class within the meaning of the applicable statutes, including the FLSA;

   b. Whether Pressure Control Operators were improperly classified by Defendants as exempt from overtime compensation;

   c. Whether Defendants' decision to classify Pressure Control Operators as exempt was in good faith;

   d. Whether Defendants' violation of the FLSA and/or the NMMWA was willful;

   e. Whether Defendants failed to pay Plaintiff Cooney, the FLSA Class, and the New Mexico Class, overtime pay due to them by virtue of their designation as exempt; and

   f. Whether Defendants kept adequate records of the hours worked by its Pressure Control Operators.

6.20 Plaintiff Cooney's claims are typical of the claims of members of the classes.

6.21 Plaintiff Cooney, the FLSA Class, and the New Mexico Class, have all sustained damages arising out of Defendants wrongful and uniform employment policy.

6.22    Plaintiff Cooney knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

### FIRST CAUSE OF ACTION: VIOLATION OF THE FLSA
### (FLSA CLASS)

6.23    By failing to pay Plaintiff Cooney and the remaining Pressure Control Operators overtime at the required one and one-half times their regular rate of pay, Defendants violated the FLSA.

6.24    Defendants owe Plaintiff Cooney and the remaining Pressure Control Operators overtime wages equal to one and one-half their regular rates of pay for each overtime hour worked during the last 3 years through the final disposition of this matter.

6.25    Defendants knew, or at a minimum showed reckless disregard for whether its failure to pay overtime at the required rates violated the FLSA.

6.26    Defendants' failure to pay overtime at the required rates to Plaintiff Cooney and the remaining Pressure Control Operators was willful.

6.27    Defendants owe Plaintiff Cooney and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

6.28    Moreover, Plaintiff Cooney and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION: VIOLATION OF THE NMMWA
### (NEW MEXICO CLASS)

6.29    The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978. § 50-4-19 *et seq*.

6.30    Defendants were and are "employers" within the meaning of the NMMWA.

6.31    At all relevant times, Defendants employed Plaintiff Cooney and each of the New Mexico Class Members, as "employees" within the meaning of the NMMWA.

6.32    The NMMWA requires employers, like Defendants, to pay overtime to all non-exempt employees.

6.33    Plaintiff Cooney and the other New Mexico Class Members are **_non-exempt_** employees who are entitled to be paid overtime at the proper rate for all overtime hours worked.

6.34    For at least ten (10) years, Defendants have had a policy and practice of failing to pay overtime to the New Mexico Class Members for their hours worked in excess of 40 hours each week.

6.35    Defendants maintained a continuing pay practice of paying a day rate with no overtime for hours worked in excess of forty (40) in a workweek to Plaintiff Cooney and other Pressure Control Operators who were paid a day rate and performed work on behalf of Defendants in New Mexico.

6.36    As a result of Defendants' failure to pay overtime to Plaintiff Cooney and the New Mexico Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the NMMWA.

6.37    Defendants' denial of overtime compensation to Plaintiff Cooney and other Pressure Control Operators who were paid a day rate and performed work on behalf of Defendants in New Mexico is part of a continuing course of conduct.

6.38    Plaintiff Cooney and the other Pressure Control Operators who performed work on behalf of Defendants in New Mexico are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

6.39    As a result, this action "may encompass all violations that occurred as part of [Defendants'] continuing course of conduct regardless of the date on which they occurred."

6.40    Plaintiff Cooney and the New Mexico Class Members seek the amount of their underpayments based on Defendants' failure to pay one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and

such other legal and equitable relief from Defendants' willful conduct as the Court deems just and proper.

6.41    Plaintiff Cooney and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the NMMWA.

## VII.
## RELIEF SOUGHT

Plaintiff Cooney respectfully prays for judgment and relief against Defendants as follows:

7.1    For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

7.2    For an Order certifying the New Mexico Class as a class action pursuant to Federal Rule of Civil Procedure 23.

7.3    Judgment awarding Plaintiff Cooney and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

7.4    Judgment awarding Plaintiff Cooney and the New Mexico Class who performed work on behalf of Defendants in the State of New Mexico all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the NMMWA;

7.5    An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

7.6    All such other and further relief that Plaintiff Cooney, the FLSA Class, and/or the New Mexico Class are justly entitled.

       Respectfully submitted,

       **ANDERSON2X, PLLC**

By:    */s/ Clif Alexander*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       **ATTORNEY IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**